**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
CHANPHENG SOUNDARA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. S-07-00465-MCE |
| ) | |
| PLAINTIFF, ) | STIPULATION AND ORDER |
| ) | TO CONTINUE STATUS |
| v. ) | CONFERENCE TO |
| ) | FEBRUARY 5, 2009 |
| CHANPHENG SOUNDARA, et al, , ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |
| _____ ) | |

Plaintiff, the United States of America, by its counsel, Assistant United States Attorneys, Mr. Michael Beckwith, and defendant, Thong Tran, represented by, Mr. Steven D. Bauer and defendant Chanpheng Soundara represented by Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for Thursday, November 13, 2008, at 9:00 a.m., before the Honorable United States District Court Judge, Morrison C. England, Jr., shall be continued to Thursday, February 5, 2009, at 9:00 a.m..

Ms. Casey Schultz, the Court's courtroom deputy clerk, was contacted by counsel to check the proposed date and the date of Thursday, February 5, 2009, was open and available for the Court for a further status hearing date. No trial date has been set. The defendants are in custody.

1

## STATUS OF THE CASE TO DATE

On October 11, 2007, the government filed an Indictment against the two defendants, Chanpheng Soundara aka Sayathy Khamsouck and Thong Tran. In Count one (1) the government alleges that both defendants violated Title 21 U.S.C. section 846 and 841(a)(1), conspiracy to manufacture over 1,000 plants of marijuana. The government alleged Champheng Soundara aka Sayathy Khamsouck has a prior felony conviction for a drug offense which became final in Fresno County, California, in 2001.  In Count two (2) the government alleges that both defendants violated Title 21 U.S.C. section 841(a)(1) manufacturing over 1,000 plants of Marijuana. The government again alleged Champheng Soundara aka Sayathy Khamsouck has a prior felony conviction for a drug offense which became final in Fresno County, California, in 2001.

The potential penalties facing the defendants are as follows: On Count one for Chanpheng Soundara aka Sayathy Khamsouck  not less than 20 years to life imprisonment (due to the prior drug conviction) or not more than $8,000,000 fine or both and at least ten (10) years of supervised release. As to Thong Tran on count one (1) not less than ten (10) years to life imprisonment or not more than $4,000,000 fine or both and at least five (5) years of supervised release.  On count two for Chanpheng Soundara aka Sayathy Khamsouck  not less than 20 years to life imprisonment (due to the prior drug conviction) or not more than $8,000,000 fine or both and at least ten (10) years of supervised release. As to Thong Tran on count two not less than ten (10) years to life imprisonment or not more than $4,000,000 fine or both and at least five (5) years of supervised release. Each count has for each defendant a penalty assessment of $100.

The case has not been set for motions or for trial.

The defendants made their first appearance in magistrate court on November 9, 2007. (See Docket Entry #5) The case was then continued on two occasions (See

1  Docket Entries #s 14 and 17), and the defendants made their first appearance in
2  District Court on April 3, 2008. (See Docket Entry # 20) At that time, new counsel
3  for defendant Thong Tran was appointed as the attorney that was representing the
4  defendant out of the Federal Defender's Office had left the office. (See Docket Entry
5  #20 and 21). On each occasion, time under the Speedy Trial Act under Local Code T-
6  4 (**time for defense counsel preparation**) and Title 18 U.S.C. section
7  3161(h)(8)(B)(iv), was found by the Court. (See Docket Entries #'s 14, 17, 20, and
8  21)

9       The defendants next appeared in District Court on May 29, 2008. (See Docket
10 Entry # 23). Time was excluded under the Speedy Trial Act under Local Code T-4
11 (time for defense counsel preparation) and Title 18 U.S.C. section 3161(h)(8)(B)(iv).
12 (See Docket Entry # 23)

13      The next two status conferences were continued from July 24, 2008 to August
14 14, 2008 and then to October 9, 2008. (See Docket Entries #'s 25 and 27) Time was
15 excluded under the Speedy Trial Act under Local Code T-4 (time for defense counsel
16 preparation) and Title 18 U.S.C. section 3161(h)(8)(B)(iv). (See Docket Entry # 25
17 and 27)

18      On October 9, 2008, the Court signed an Order continuing the status
19 conference to Thursday, November 13, 2008. (See Docket Entry # 30). Time was
20 excluded under the Speedy Trial Act under Local Code T-4 (time for defense counsel
21 preparation) and Title 18 U.S.C. section 3161(h)(8)(B)(iv). (See Docket Entry # 30)

22
23                              **DISCOVERY TO DATE**
24      The government has provided discovery to the defense which indicates that the
25 case is out of Butte County located north east of Yuba City and south west of Orville,
26 California, in the Sierra Nevada Mountains. The clients both speak a language
27 different than English which requires all of the discovery to be read by an interpreter.
28                                      3

In addition, because of the difference in languages that counsel and the clients speak, there has been the need to educate the clients about the Federal criminal system including, but not limited to, the court process, what discovery means, the Federal rules of procedure and evidence, what the government has as evidence in the case, what the Federal Sentencing guidelines are and what they mean, what a jury trial is, what it means to attempt to negociate with the government, what a plea agreement is all about and what judgment and sentencing means in the Federal criminal system.

The government has produced a video tape of the area that allegedly has depictions of people at the alleged scene. The defense has reviewed that video tape and has had discussions with their respective client's about all of the evidence in this case. In addition, investigation is continuing in this case.

Finally, there has been significant movement toward resolution of this matter. The continuance of this matter will allow the parties the time necessary to reduce to writing the terms of an agreement in the reasonable anticipation of resolving this matter short of setting a briefing schedule, a motion hearing date, a trial confirmation hearing date and then trial. Should, as the parties reasonably anticipate, this case resolve by agreement between the parties, both the Court and the government can expend their respective valuable resources in other areas instead of this case. The progress that has been made to date signals that the parties have been working in good faith, have been diligent in working together in attempting to resolve this case. The additional time should prove both beneficial and cost savings.

The defense has plea agreements and this time will allow the necessary time to discuss with the defendants the ramifications of the advisory Sentencing Guidelines, the potential relevant conduct, the options available and allow the defendants a reasonable amount of time to reflect on all of this information. The defendants are not from the United States, and the United States Criminal Justice System is foreign to them, thus the need for the extra time.

**SPEEDY TRIAL ACT-EXCLUSION OF TIME**

The parties agree and stipulate the Court can find an exclusion of time from the Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., based on the need for counsel for the defense to adequately and effectively have sufficient time to prepare the case, taking into account the exercise of due diligence and the need of counsel to have an interpreter at all times in this case to communicate with the respective clients pursuant to Title 18 U.S.C. section 3161(h)(8)(B)(ii) and Local Code T-4 for reasonable time necessary for effective preparation by counsel; the parties stipulate and agree that the interests of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial, Title 18 U.S.C. § 3161(h)(8)(A), for the all of the above stated factual reasons. That exclusion is agreed to be from Thursday, November 13, 2008 to Thursday, February 5, 2009.

Defense counsel has discussed this with the government and the government agrees with the continuance.

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

DATED: 11-10-08

/s/ MICHAEL BECKWITH  authorized by phone
_____
MICHAEL BECKWITH
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY FOR THE PLAINTIFF

DATED: 11-10-08

/s/ STEVEN D. BAUER authorized by e mail
_____
STEVEN D. BAUER
ATTORNEY FOR DEFENDANT
THONG TRAN

5

| | | |
|---|---|---|
| 1 | DATED: 11-10-08 | LAW OFFICES OF JAMES R. GREINER |
| 2 | | /s/ JAMES R. GREINER |
| 3 | | JAMES R. GREINER |
| | | ATTORNEY FOR DEFENDANT |
| 4 | | CHANPHENG SOUNDARA aka |
| | | SAYATHY KHAMSOUCK |

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  November 14, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6