1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                                   EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:07-CR-00465-MCE

12                   Plaintiff,

13          v.                                     **ORDER**

14   CHANPHENG SOUNDARA,

15                   Defendant.

16

17          Defendant Chanpheng Soundara ("Defendant") was convicted of Conspiracy to

18   Manufacture Over 1,000 Marijuana Plants in violation of 21 U.S.C. §§ 846 and 841(a)(1)

19   and was sentenced on June 11, 2009, to 120 months of imprisonment.  Presently before

20   the Court is Defendant's Motion to Reduce Sentence.  ECF No. 67.  This matter was

21   referred to the Office of the Federal Defender, which subsequently filed a notice

22   indicating that it would not be supplementing Defendant's motion.  ECF No. 69.[1]  The

23   Government opposes Defendant's request.  ECF No. 73.  For the reasons that follow,

24   that Motion is DENIED.

25   ///

26   _____

27          [1] The filing submitted by the Federal Defender's Office more specifically states that it is not
     "recommend[ing] appointment of counsel in this case."  ECF No. 69.  However, that office had already
     been appointed pursuant to Eastern District General Order 546.  The filing is thus more properly construed
28   as a decision not to add to the record.

1    Defendant seeks to reduce his sentence in light of the United States Sentencing

2    Commission's passage of Amendment 782.  Generally, Amendment 782 revised

3    downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although

4    Amendment 782 became effective November 1, 2014, it applies retroactively.  See

5    U.S.S.G. § 1B1.10(d), (e)(1).

6    "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C.

7    § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is

8    based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010).

9    "Any reduction must be consistent with applicable policy statements issued by the

10    Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs

11    courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while

12    'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. §

13    1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the

14    amended Guidelines range if it determines that one is warranted "'after considering the

15    factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822.

16    "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting

17    under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of

18    the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of

19    imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the]

20    amendment . . . does not have the effect of lowering the defendant's applicable guideline

21    range."  U.S.S.G. § 1B1.10(a)(2)(B).

22    Defendant is not eligible for a reduction in his sentence because Amendment 782

23    "[did] not have the effect of lowering [his] applicable guideline range."  Id.  To the

24    contrary, when Defendant was originally sentenced, it was pursuant to a Total Offense

25    level of 23, Criminal History Category IV, and guideline range of 92-115 months.

26

27       [2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's

28    substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

1    However, the statutory minimum was 120 months, and that thus became the guideline

2    sentence.  Since Defendant is still subject to the 120 month mandatory minimum, even if

3    the Court applied a two level reduction, his guideline range would be unchanged.

4    Because the amendment did not lower Defendant's sentencing range, his Motion (ECF

5    No. 67) is DENIED.  <u>See</u> <u>United States v. Leniear</u>, 574 F.3d 668, 674 (9th Cir. 2009).

6         IT IS SO ORDERED.

7    Dated:  December 14, 2015

8

9

10   _____
     MORRISON C. ENGLAND, JR, CHIEF JUDGE
11   UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3